DORSEY & WHITNEY LLP

Stephen D. Bell
Millennium Building
Suite 600, 125 Bank Street
Missoula, MT 59802-4407
bell.steve@dorsey.com
Phone: 406-721-6025
Fax: 406-543-0863

Ben D. Kappelman
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
kappelman.ben@dorsey.com
Phone: 612-492-6744
Fax: 612-395-5451

*Attorneys for Defendant NorthWestern
Corporation d/b/a NorthWestern Energy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| STATE OF MONTANA, | ) | Cause No. 6:16-CV-00035-CCL |
| Plaintiff, | ) | |
| -vs- | ) | **DEFENDANT NORTHWESTERN CORPORATION D/B/A NORTHWESTERN ENERGY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS** |
| TALEN MONTANA, LLC, f/k/a PPL Montana, LLC, and NORTHWESTERN CORPORATION, d/b/a NorthWestern Energy, a Delaware Corporation, | ) | |
| Defendants. | ) | |

**INTRODUCTION**

Defendant NorthWestern Corporation d/b/a NorthWestern Energy ("NorthWestern") moves to dismiss Plaintiff State of Montana's claims for or pertaining to "the 17-mile Great Falls reach, at least from the head of the first waterfall to the foot of the last," in accordance with the mandate of the United States Supreme Court. *See PPL Montana, LLC v. Montana*, 132 S. Ct. 1215, 1232 (2012). NorthWestern joins the arguments of Defendant Talen Montana, LLC f/k/a PPL Montana, LLC in support of its motion to dismiss on the same basis. Talen Montana's Mem. Law Supp. Mot. Dismissal, No. 5 (Apr. 27, 2016) ("Talen Brief"). NorthWestern writes separately to address a single question: is a new defendant added to an action after appeal permitted to invoke the U.S. Supreme Court's decision? For the following reasons the Court should conclude the answer is "yes," and enforce the rule of mandate and principles of collateral estoppel to bar the State from relitigating its claims against NorthWestern.

**ARGUMENT**

**The Rule of Mandate and Collateral Estoppel Bar the State from Relitigating the Navigability of the Great Falls Reach Against NorthWestern Because the U.S. Supreme Court has Explicitly Decided this Identical Issue Against the State.**

When an appellate court has decided and remanded a case, proceedings on remand must accord with the mandate and the law of the case established by the appellate court. *Firth v. U.S.*, 554 F.2d 990, 993 (9th Cir. 1977). When an

appellate court has decided an issue explicitly or by necessary implication, that decision is final. *U.S. v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007). The trial court "'cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.'" *Id.* (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)).

Parties to an appeal are also bound to the outcome of the appellate court's decision in subsequent proceedings to which new parties are joined by virtue of collateral estoppel. The doctrine of collateral estoppel bars subsequent adjudication of an issue when "(1) there was a final judgment on the merits; (2) the party against whom the plea of collateral estoppel is asserted was a party or in privity with a party to the prior action; and (3) the issue in the prior action was identical to the issue presented in the federal action." *Green v. Ancora-Citronelle Corp.*, 577 F.2d 1380, 1383 (9th Cir. 1978); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006). Collateral estoppel is appropriate against a state when that state's courts would give a previous decision preclusive effect against it, *Benjamin v. Coughlin*, 905 F.2d 571, 576 (2d Cir. 1990), even if courts are generally cautious about applying issue preclusion against state agencies, *State of Idaho Potato Commn. v. G & T Terminal Packaging, Inc.*,

425 F.3d 708, 714 (9th Cir. 2005). Montana courts apply collateral estoppel against the State of Montana, just as they would any other litigant. *See McDaniel v. State*, 2009 MT 159, ¶ 46, 350 Mont. 422, 208 P.3d 817. "Where one party has had an honest day in court and lost, a nonparty in a subsequent suit with an identity of legal issues is entitled to use the prior judgment as a shield," *Natl. Coal Ass'n v. Hodel*, 675 F. Supp. 1231, 1240 (D. Mont. 1987) *aff'd sub nom. N. Plains Resource Council v. Lujan*, 874 F.2d 661 (9th Cir. 1989), even if that party is the State of Montana.

Here, the U.S. Supreme Court explicitly decided, "contrary to the Montana Supreme Court's decision, that the 17-mile Great Falls reach, at least from the head of the first waterfall to the foot of the last, is not navigable for purposes of riverbed title under the equal-footing doctrine." *PPL Montana, LLC*, 132 S. Ct. at 1232. That decision is final. *See Thrasher*, 483 F.3d at 981. This Court cannot vary it. *See id.*; *In re Sanford Fork & Tool Co.*, 160 U.S. at 255-56.

The State also may not relitigate the navigability of the Great Falls reach as against NorthWestern under the doctrine of collateral estoppel. In this case, the U.S. Supreme Court issued its final judgment on the merits on February 22, 2012. The State was a party to the proceeding before the Court. The issue presented by this motion to dismiss—the navigability of the 17-mile Great Falls reach—is identical to that decided by the Court. Under these circumstances, collateral

4

estoppel bars relitigation of this issue.  *See Green*, 577 F.2d at 1383.  The Supreme Court of Montana would apply collateral estoppel against the State of Montana, and this Court should as well.  *See McDaniel v. State*, 2009 MT 159, ¶ 46.  The State has had its honest day in court.  At least as to the Great Falls reach, it lost.  NorthWestern is entitled to use the prior judgment against the State as a shield.  *See Natl. Coal Ass'n v. Hodel*, 675 F. Supp. at 1240.

## **CONCLUSION**

For the forgoing reasons, and those in the Talen Brief, NorthWestern respectfully requests that the Court grant its motion to dismiss Plaintiff State of Montana's claims for or pertaining to "the 17-mile Great Falls reach, at least from the head of the first waterfall to the foot of the last."  *See PPL Montana, LLC*, 132 S. Ct. at 1232.

DATED this 27th day of April, 2016.

                              DORSEY & WHITNEY LLP

                              <u>*s/Ben D. Kappelman*</u>
                              Stephen D. Bell
                              bell.steve@dorsey.com
                                  Millennium Building
                                  Suite 600, 125 Bank Street
                                  Missoula, MT 59802-4407
                              Ben D. Kappelman
                              kappelman.ben@dorsey.com
                                  50 South Sixth Street, Suite 1500
                                  Minneapolis, MN  55402-1498

                              *Attorneys for Defendant NorthWestern*
                              *Corporation d/b/a NorthWestern Energy*

# CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that pursuant to D. Mont. L.R. 7.1(d)(2)(E), the undersigned hereby certifies this brief complies with L.R.7.1(d)(2)(A). According to the word-processing unit used to prepare this brief, the word count is 918, excluding caption, table of contents, table of authorities, certificate of compliance, certificate of service and exhibit index.

*s/Ben D. Kappelman*
Ben D. Kappelman
