DORSEY & WHITNEY LLP

Stephen D. Bell
Millennium Building
Suite 600, 125 Bank Street
Missoula, MT 59802-4407
bell.steve@dorsey.com
Phone: 406-721-6025
Fax: 406-543-0863

Ben D. Kappelman
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
kappelman.ben@dorsey.com
Phone: 612-492-6744
Fax: 612-395-5451

*Attorneys for Defendant NorthWestern
Corporation d/b/a NorthWestern Energy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| STATE OF MONTANA, | ) | Cause No. 6:16-CV-00035-CCL |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | **NORTHWESTERN CORPORATION D/B/A NORTHWESTERN ENERGY'S REQUEST FOR ORAL ARGUMENT OR LEAVE TO FILE SUR-REPLY BRIEF** |
| TALEN MONTANA, LLC, f/k/a PPL Montana, LLC, and NORTHWESTERN CORPORATION, d/b/a NorthWestern Energy, a Delaware Corporation, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendant NorthWestern Corporation d/b/a NorthWestern Energy ("NorthWestern") respectfully requests that this Court hear oral argument on the State of Montana's ("State") pending Motion to Remand, filed on May 19, 2016 ("Motion"). Oral argument is appropriate for at least three reasons:

- The State's Reply in Support of Motion for Remand ("Reply"), Doc. 116, raises new arguments not present in its opening brief. For instance, the State's Reply contends for the first time that NorthWestern is asserting federal jurisdiction exists based on a federal defense. Reply at 2, 7, 12-13. This is inaccurate. The State's complaint repeatedly references the Equal Footing Doctrine as the basis of the State's ownership of the riverbeds at issue, which demonstrates that the State's claim arises under the Equal Footing Doctrine.

- The State also selectively quotes case law in a way that misconstrues the holdings of those cases. For example, the State quotes from *Mobil Oil Corp. v. Coastal Petroleum Co.*, 671 F.2d 419, 424-25 (11th Cir. 1982), but neglects to mention that the Equal Footing Doctrine did not create a federal question in that case because no one disputed that the state held title to the land, and the doctrine was the "mere criterion which Florida chooses to adopt as the determinant of a rule of state real property law." Reply at 8.

- The State misinterprets NorthWestern's argument regarding the significance of the U.S. Supreme Court's granting of certiorari in this case. The State appears to construe NorthWestern's argument to mean that because the U.S. Supreme Court had jurisdiction to hear the case, this Court has jurisdiction to hear the case on remand. In fact, NorthWestern argued that the Supreme Court's granting of certiorari means the federal issue in this case is "significant."

To provide clarification on these issues, NorthWestern respectfully requests that the Court schedule oral argument on the State's Motion. Alternatively, if the Court is disinclined to hold oral argument, NorthWestern requests leave to file a sur-reply brief to address these issues.

Counsel for the State has been contacted and indicated the State <u>opposes</u> these requests.

DATED this 8th day of July, 2016.

DORSEY & WHITNEY LLP

*/s/Ben D. Kappelman*
Stephen D. Bell
bell.steve@dorsey.com
    Millennium Building
    Suite 600, 125 Bank Street
    Missoula, MT 59802-4407
Ben D. Kappelman
kappelman.ben@dorsey.com
    50 South Sixth Street, Suite 1500
    Minneapolis, MN 55402-1498
*Attorneys for Defendant NorthWestern Corporation d/b/a NorthWestern Energy*