IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| STATE OF MONTANA,<br><br>Plaintiff,<br><br>vs.<br><br>TALEN MONTANA, LLC, f/k/a PPL Montana, LLC, and NORTHWESTERN CORPORATION, d/b/a NorthWestern Energy, a Delaware corporation, and UNITED STATES OF AMERICA, United States Forest Service, United States Bureau of Reclamation, and United States Bureau of Land Management,<br><br>Defendants. | CV 16–35–H–DLC<br><br><br><br>ORDER |

Before the Court are the parties' Joint Motion to Direct Court Personnel to Establish a Live, Non-Public Video Feed of Trial (Doc. 327) and Joint Motion to Allow Witnesses to Testify by Videoconference (Doc. 328).

The motion for a live, non-public video feed of trial states that such a feed would allow witnesses to observe trial remotely while they are not testifying, alleviating the risks of COVID-19 exposure and expenses and inconveniences of attending the entire trial in-person for witnesses who reside outside of Montana. (Doc. 327 at 3–4.) The Court is sympathetic to these concerns, but it is the Court's experience that maintaining a video feed of trial can present technical and other

1

difficulties that may disrupt proceedings and present challenges for Court staff. Accordingly, the Court will establish live non-public telephonic access to the trial so that witnesses may listen to trial testimony, but the motion for a live video feed (Doc. 327) will be denied.

The motion to permit witnesses to testify by videoconference states that Dr. Michael Harvey wishes to testify by videoconference because he resides in New Zealand, and evolving travel restrictions could prevent Dr. Harvey from returning to New Zealand if he were to travel to testify in person. (Doc. 328 at 3.) The motion further states that "other witnesses may also be forced to testify by videoconference by the time of trial" based on evolving COVID-19 concerns and required travel from outside Montana, and the parties will inform the Court at the final pretrial conference of the identity of any additional witnesses who wish to testify by videoconference. (*Id.* at 3–4.) The parties have shown good cause for permitting Dr. Harvey to testify by videoconference, and the motion will be granted in part as to him. The Court will not, however, grant blanket permission for yet-to-be-identified witnesses to testify by videoconference in the absence of reasons why specific witnesses cannot appear in person. To the extent that exposure to COVID-19 in the courtroom is a primary concern of the parties, the Court advises that implementation of COVID-19 safety measures during trial, such as requiring social distancing and/or masks in the courtroom, may be discussed at

the final pretrial conference. Thus, as to all witnesses other than Dr. Harvey, the motion to allow witnesses to testify by videoconference (Doc. 328) will be denied subject to renewal.

Accordingly, IT IS ORDERED that the parties' Joint Motion to Direct Court Personnel to Establish a Live, Non-Public Video Feed of Trial (Doc. 327) is DENIED. The Court will instead establish live non-public telephonic access to the trial so that witnesses may listen to the trial. The Clerk of Court will notify counsel via e-mail of the conference line information within 24 hours of the first day of trial.

IT IS FURTHER ORDERED that the parties' Joint Motion to Allow Witnesses to Testify by Videoconference (Doc. 328) is GRANTED IN PART as to Dr. Michael Harvey and DENIED IN PART subject to renewal as to all other witnesses. Dr. Michael Harvey may testify via Zoom at the trial. The Clerk of Court will notify counsel via e-mail of the meeting ID and password. Zoom Guidance and Setup are available at https://www.mtd.uscourts.gov/zoom-hearings.

DATED this 2nd day of December, 2021.

_____
Dana L. Christensen, District Judge
United States District Court