# EXHIBIT 1

United States Bankruptcy Court
Southern District of Texas

**ENTERED**
September 15, 2022
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **TALEN ENERGY SUPPLY, LLC, *et al.*,** | § | **Case No. 90054 (MI)** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |
| ------------------------------------------------------- | § | |
| | § | |
| **TALEN ENERGY SUPPLY, LLC,** | § | **Adversary Proc. No. 22-03219** |
| **TALEN ENERGY MARKETING, LLC,** | § | |
| **TALEN MONTANA, LLC, and** | § | **Re: Adv. Proc. Docket Nos. 1, 2, 16, 25, 39** |
| **NUECES BAY, LLC,** | § | **Docket No. 1035** |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| **THOSE PARTIES LISTED IN** | § | |
| **APPENDIX A TO COMPLAINT,** | § | |
| | § | |
| Defendants. | § | |
| ------------------------------------------------------- | § | |

**STIPULATION AND ORDER (I) RESOLVING
MONTANA'S LIFT STAY MOTION AND DEBTOR PLAINTIFFS' STAY
EXTENSION MOTION WITH RESPECT TO THE RIVERBED ACTION;
(II) MODIFYING THE AUTOMATIC STAY ON A LIMITED BASIS; AND (III)
ENJOINING PARTIES FROM ALL OTHER ACTIONS IN THE RIVERBED ACTION**

Talen Energy Supply, LLC ("**TES**") and its debtor affiliates in the above-captioned

chapter 11 cases (the "**Chapter 11 Cases**"), as debtors and debtors in possession (each, a "**Debtor**"

and collectively, the "**Debtors**"), NorthWestern Corporation ("**NorthWestern**"), and the State of

Montana ("**Montana**"), by and through their respective undersigned counsel, hereby enter into

this stipulation and agreed order (the "**Stipulation and Order**") as follows:

---

[1] A complete list of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/talenenergy. The Debtors' primary mailing address is 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, Texas 77380.

**WHEREAS**, on May 9, 2022, the Debtors filed voluntary petitions for relief under title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**");

**WHEREAS**, on July 17, 2022, Talen Energy Supply, LLC, Talen Energy Marketing, LLC, Talen Montana, LLC ("**Talen Montana**"), and Nueces Bay, LLC (collectively, the "**Debtor Plaintiffs**") filed (a) an adversary complaint (the "**Adversary Complaint**") against the parties listed in Appendix A thereto (the "**Adversary Proceeding Defendants**"), including, *inter alia*, Montana [Adv. Pro. No. 22-03219, Docket No. 1], initiating the above-captioned adversary proceeding (the "**Adversary Proceeding**") and (b) the *Debtor Plaintiffs' Emergency Motion for an Order (I) Extending the Automatic Stay to the Protected Parties in Certain Prepetition Actions and (II) Preliminarily Enjoining Such Actions* [Adv. Pro. No. 22-03219, Docket No. 2] (the "**Stay Extension Motion**")[2];

**WHEREAS**, the Adversary Complaint and Stay Extension Motion, among other things, seek to enjoin the continuation of the prepetition lawsuit styled *State of Montana v. Talen Montana, LLC f/k/a PPL Montana, LLC, et al.*, Case No. CV 16-35-H-DLC (the "**Riverbed Action**"), pending in the U.S. District Court for the District of Montana (the "**Montana District Court**").

**WHEREAS**, on July 22, 2022, the Debtor Plaintiffs and the Adversary Proceeding Defendants filed the *Stipulation and Agreed Order Adjourning Hearing on Debtor Plaintiffs' Emergency Motion* [Adv. Pro. No. 22-03219, Docket No. 12], which the Bankruptcy Court entered on July 25, 2022 [Adv. Pro. No. 22-03219, Docket No. 13];

---

[2]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Stay Extension Motion.

**WHEREAS**, on August 4, 2022, Montana filed an answer to the Adversary Complaint [Adv. Pro. No. 22-03219, Docket No. 16];

**WHEREAS**, on August 8, 2022, Montana filed the *Motion to Modify the Automatic Stay* with respect to the Riverbed Action in the Chapter 11 Cases [Docket No. 1035] (the "**Lift Stay Motion**") seeking to lift the automatic stay pursuant to section 362 of the Bankruptcy Code (the "**Automatic Stay**") to pursue the Riverbed Action;

**WHEREAS**, on August 18, 2022, Montana filed the *Objection of State of Montana to Plaintiffs' Emergency Motion for an Order (I) Extending the Automatic Stay in Certain Prepetition Actions, and (II) Preliminarily Enjoining Such Prepetition Actions* [Adv. Pro. No. 22-03219, Docket No. 25];

**WHEREAS**, on August 23, 2022, the Debtors filed the *Debtors' Opposition to the State of Montana's Motion to Modify the Automatic Stay* [Docket No. 1093];

**WHEREAS**, on August 26, 2022, the Debtor Plaintiffs filed the *Reply in Support of Their Emergency Motion for an Order (I) Extending the Automatic Stay in Certain Prepetition Actions, and (II) Preliminarily Enjoining Such Prepetition Actions* [Adv. Pro. No. 22-03219, Docket No. 39];

**WHEREAS**, Talen Montana, NorthWestern, and Montana (collectively, the "**Parties**") have determined, in light of the facts and circumstances, that it is in their respective best interests to (a) consensually resolve their disputes with respect to the Stay Extension Motion and Lift Stay Motion, and (b) stipulate to the terms on which (i) the automatic stay would be modified on a limited basis solely to allow the liability phase of the Riverbed Action to proceed to a decision from the Montana District Court and the Parties to preserve appeal rights with respect

3

to the Montana District Court's decision and (ii) the Parties would be stayed or otherwise enjoined from taking any other further actions in the Riverbed Action; and

**WHEREAS**, the Parties desire to sever the claims asserted in the Adversary Proceeding and the relief sought in the Stay Extension Motion against Montana with respect to the Riverbed Action into a separate adversary proceeding for purposes of obtaining a final order hereunder.

**NOW, THEREFORE UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT**:

1. The Parties' disputes over the Lift Stay Motion and Stay Extension Motion with respect to the Riverbed Action are hereby deemed resolved and all deadlines in the Adversary Proceeding relating to the Stay Extension Motion with respect to the Riverbed Action are abated.

2. The Automatic Stay shall be modified solely with respect to the Riverbed Action to permit only the liability phase of the Riverbed Action to proceed for the limited purposes set forth herein:

   (a) Talen Montana to file its response to Montana's amended proposed findings of fact and conclusions of law in the Riverbed Action no later than 21 days from the date the Bankruptcy Court approves this Stipulation and Order;

   (b) the Montana District Court to issue a decision on the liability phase of the Riverbed Action; and

   (c) the Parties to file notices of appeal to preserve appeal rights with respect to the Montana District Court's liability decision in the Riverbed Action.

EXHIBIT 1, Page 4 of 10

3.	The Parties shall file a stipulation with the appropriate court to suspend any appellate briefing of the Montana District Court's decision on the liability phase of the Riverbed Action through June 30, 2023.

4.	Other than as set forth in paragraphs 2 and 3 herein, the Parties shall be stayed and enjoined from taking any other further actions in the Riverbed Action through the date the Debtors' chapter 11 plan becomes effective.

5.	The claims asserted in the Adversary Proceeding and the relief sought in the Stay Extension Motion against Montana with respect to the Riverbed Action shall be severed into a separate adversary proceeding (the "**Severed Adversary Proceeding**").

6.	After this Stipulation and Order becomes a final and non-appealable order, the Debtors shall promptly seek to dismiss Montana as a defendant to the Severed Adversary Proceeding.  Pending dismissal of Montana as a defendant in the Severed Adversary Proceeding, the Severed Adversary Proceeding against Montana shall be abated and all deadlines suspended.

7.	The relief from the Automatic Stay granted herein shall be effective immediately upon entry of this Stipulation and Order and shall not be stayed under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

8.	By entering into this Stipulation and Order, the Debtors are not waiving and will not be deemed to have waived any available rights, counterclaims, or defenses, including at law, equity, or otherwise, with respect to the Riverbed Action.

9.	Neither this Stipulation and Order, nor any terms contained herein, shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary: (i) to obtain approval of and to enforce this Stipulation and Order, (ii) to seek damages or injunctive relief in connection therewith, or (iii) to prove that

EXHIBIT 1, Page 5 of 10

the Automatic Stay has been modified to allow prosecution of the claims in the Riverbed Action in accordance with the terms of this Stipulation and Order.

10.     Neither this Stipulation and Order nor any negotiations and writings in connection with this Stipulation and Order will in any way be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against the other Party.

11.     Nothing in this Stipulation and Order or the relief sought herein shall constitute or be deemed:  (a) an allowance of administrative expense claims under section 503(b) of the Bankruptcy Code; (b) an assumption or rejection of an executory contract or unexpired lease under section 365 of the Bankruptcy Code; (c) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (d) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds whatsoever; (e) a promise or requirement to pay any claim; (f) an implication or admission that any particular claim is of a type specified or defined in this Stipulation and Order or a finding that any particular claim is an administrative expense claim or other priority claim; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' bankruptcy estates; (h) a waiver or limitation of the Debtors', or any insurers', rights under the Bankruptcy Code or any other applicable nonbankruptcy law; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Stipulation and Order are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

EXHIBIT 1, Page 6 of 10

12.	The undersigned who executes this Stipulation and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation and Order on behalf of such Party.

13.	The Parties are authorized to take all actions necessary to effectuate the relief granted in this Stipulation and Order.

14.	This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

15.	The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation and Order.

16.	This Stipulation and Order shall be filed both in the Adversary Proceeding and the Chapter 11 Cases.

**IT IS SO ORDERED.**

Signed: September 15, 2022

_____
Marvin Isgur
United States Bankruptcy Judge

**STIPULATED AND AGREED TO THIS 14TH DAY OF SEPTEMBER, 2022:**

　　　 */s/  James A. Patten*　　　　　
PATTEN, PETERMAN, BEKKEDAHL &
GREEN, P.L.L.C.
James A. Patten (admitted *pro hac vice*)
2817 Second Ave. North, Suite 300
Billings, Montana 59103-1239
Telephone:  (406) 252-8500
Facsimile:  (406) 292-9500
Email: apatten@ppbglaw.com

*Attorneys for State of Montana*

_/s/  H. Joseph Acosta_
DORSEY & WHITNEY LLP
H. Joseph Acosta
State Bar No. 24006731
300 Crescent Court, Suite 400
Dallas, Texas 75201
Telephone:  (214) 981-9970
Facsimile:  (214) 853-5887
Email: Acosta.joseph@dorsey.com

-and-

J. Jackson, Esq.
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone:  (612) 340-2760
Email: Jackson.j@dorsey.com

_Attorneys for NorthWestern Corporation_

_/s/   Jessica Liou_

WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:  Gabriel.Morgan@weil.com
        Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted _pro hac vice_)
Jessica Liou (admitted _pro hac vice_)
Alexander Welch (admitted _pro hac vice_)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  Matt.Barr@weil.com
        Jessica.Liou@weil.com
        Alexander.Welch@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Paul R. Genender (00790758)
Jake Rutherford (24102439)
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7877
Facsimile:  (214) 746-7777
Email:  Paul.Genender@weil.com
        Jake.Rutherford@weil.com

_Attorneys for Debtors and_
_Debtors in Possession_